PROVIDENCE WASHINGTON INS. Co. v. MORSE et al.

*District Court, N. D. New York. June 27, 1888.*

**JUDGMENT—RES ADJUDICATA—ADMIRALTY—IN REM AND IN PERSONAM.**
Where the insurers of a cargo of grain which was destroyed have paid the loss and become subrogated to the rights of the insured, and obtained a decree *in rem* in the United States circuit court charging the boat with liability for the loss, such decision is conclusive of a libel *in personam* in the district court whereby the insurers seek to charge the owners of the boat with liability as common carriers.

In Admiralty.

This is a libel *in personam* by the Providence Washington Insurance Company against Henry Morse, Alanson Morse, and Charles E. Wager, as common carriers.

*Edward D. McCarthy*, for libelants.

*Clinton, Clark & Ingram* and *Spencer Clinton*, for respondents Morse.

*Hyland & Zabriskie*, for respondent Wager.

COXE, J. In May, 1883, the libelants insured a cargo of grain owned by Armour, Plankinton & Co., which the respondents agreed safely to transport from Buffalo to New York on board the canal-boat Worden, propelled by the steam canal-boat Sydney. The cargo having been lost *in transitu* the libelants paid the loss to Armour, Plankinton & Co., the insured parties, and, being subrogated to their rights, bring this libel *in personam* against the respondents as common carriers. The libelants have heretofore obtained a decree *in rem* against the boats. The facts fully appear in *The Sydney*, 27 Fed. Rep. 119, 23 Fed. Rep. 88, and *Insurance Co. v. Wager, post*, 364.

It is thought that the decision of the circuit court is conclusive of this action. *The Sydney*, 27 Fed. Rep. 119. Some additional testimony has been taken, but the facts are not materially changed. In the language

of one of the briefs submitted by respondents, "the theory of the libel *in rem* against the Sydney and the libel *in personam* at bar is the same." There is no way fairly to distinguish the two cases. In the light of this controlling authority the situation is a simple one. Armour, Plankinton & Co., as owners, had a cause of action against the respondents as common carriers. Armour, Plankinton & Co. were alone insured as owners of the cargo. By paying them the libelants were subrogated to all their rights. Morse & Co., as carriers and advancers, were also insured, but it was for $520 only, the extent of their actual pecuniary interest in the cargo.

The considerations now urged by the respondents may properly be presented to the circuit court on appeal, but it is thought that this court cannot with propriety consider them. It follows that the libelants are entitled to a decree for the amount agreed upon at the trial, with costs.